# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>(Jointly Administered) |
| RICHARD LEVIN, Liquidating Trustee for the Liquidating Trust of FIRESTAR DIAMOND, INC. and OLD AJ, INC. f/k/a A. JAFFE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NIRAV DEEPAK MODI, MIHIR BHANSALI, and AJAY GANDHI,<br><br>Defendants. | 22-CV-5250-CM<br><br>Adv. Proc. No. 19-1102 (SHL) |
| RICHARD LEVIN, Liquidating Trustee for the Liquidating Trust of FIRESTAR DIAMOND, INC. and OLD AJ, INC. f/k/a A. JAFFE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MIHIR BHANSALI and AJAY GANDHI,<br><br>Defendants. | 22-CV-5293-CM<br><br>Adv. Proc. No. 20-1052 (SHL)<br><br>**LIQUIDATING TRUSTEE'S/PLAINTIFF'S STATEMENT IN RESPONSE TO COURT'S JUNE 28, 2022 MINUTE ORDER** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/5/2022

**MEMO ENDORSED**

JENNER & BLOCK LLP
Richard Levin
Carl Wedoff
1155 Avenue of the Americas   (212) 891-1600
New York, New York 10036

*Counsel for the Liquidating Trustee*

7/5/2022 The cases have been accepted as related to the [?]. When does the Trustee plan to respond to motions to withdraw the reference?

Richard Levin, not individually but as liquidating trustee ("**Trustee**") for the liquidating trust of Firestar Diamond, Inc. and Old AJ, Inc. (f/k/a A. Jaffe Inc.) (the "**Debtors**"), respectfully submits this statement in response to this Court's June 28, 2022 minute order to provide information about the relatedness of the two above-captioned adversary proceedings, Adv. No. 19-1102 (the "**First Adversary Case**") and Adv. No. 20-1052 (the "**Second Adversary Case**," together with the First Adversary Case, the "**Adversary Cases**").

**Preliminary Statement**

1. On June 28, 2022, this Court entered the following minute order in each of the Adversary Proceedings (the "**Minute Order**"):

> ORDER: Counsel for the plaintiffs in the above captioned actions filed a related case statement in Case No. 22-cv-5293. (See Docket No. 3). To determine whether the cases should be designated as related, the court hereby orders that the parties that commenced the two underlying adversary proceedings - Adv. Proc. No. 19-1102 (SHL) and Adv. Proc. No. 20-1052 (SHL) - advise the court about the nature of these two disputes, how they differ, why the parties are different, and precisely what about these two cases makes them "related" within the meaning of the Rules for the Division of Business Among Judges. I need considerably more detail than was provided in the related case statement. Those parties have 48 hours - until 5 pm on Thursday, June 30 - to respond to this order.

(Case No. 22-cv-5293, Dkt. 4; Case No. 22-cv-5250, Dkt. 3).

2. The Related Case Statement (Case No. 22-cv-5293, Dkt. 3) was filed by Ajay Gandhi, a Defendant in each Adversary Case and the Debtors' former chief financial officer, who commenced the proceedings before this Court by moving to withdraw the reference as to each Adversary Case.

3. The Trustee did not file the Related Case Statement and takes no position on whether the Adversary Cases meet the requirements for relatedness under Rule 13 of the Rules for the Division of Business Among Judges. However, as the "part[y] that commenced

the two underlying adversary proceedings," he submits this statement to provide the additional information requested by the Court in the Minute Order.

## Additional Relevant Background

4. The statement of facts contained in Gandhi's memorandum of law in support of his motion to withdraw the reference accurately describes the relevant background of this litigation. The Trustee is the liquidating trustee and former chapter 11 trustee of the Debtors, which filed the jointly administered chapter 11 bankruptcy cases pending under lead Case No. 18-bk-10509 in February 2018 after Indian criminal authorities accused the Debtors' controlling indirect owner, Nirav Modi, of orchestrating the largest bank fraud scheme in India's history. In June 2018, after it came to light that the Debtors' chief executive officer Mihir Bhansali remained in contact with Nirav Modi (who at that time was the subject of an international manhunt), the Trustee was appointed to manage the Debtors' property and operations as chapter 11 trustee.

5. On March 27, 2019, the Trustee brought the First Adversary Case against Nirav Modi, Mihir Bhansali, and Ajay Gandhi. In it, the Trustee asserts breach of fiduciary duty, corporate waste, and civil racketeering claims against each defendant based on their respective involvement in fraudulently diverting and otherwise mismanaging the Debtors' assets both during the bank fraud scheme and after it was exposed.

6. On February 25, 2020, after the parties had fully briefed motions to dismiss in the First Adversary Case, the Trustee filed the Second Adversary Case, in which the Trustee seeks to recover, as fraudulent transfers and under the New York's faithless servant doctrine, compensation the Debtors paid to Bhansali and Gandhi over the course of their involvement in the fraudulent scheme.

7. The Trustee's claims against Gandhi and Bhansali in both Adversary Cases are based on the same underlying allegations and supporting evidence that Gandhi and

Bhansali actively managed the day-to-day aspects of the bank fraud scheme and related cover-up efforts. In the First Adversary Case, a finding that Bhansali and Gandhi knowingly participated in the bank fraud scheme would be legally sufficient to establish the Trustee's breach of fiduciary duty claims, corporate waste claims, and the predicate acts of mail and wire fraud underlying Trustee's civil RICO claims. In the Second Adversary Case, such a finding would be legally sufficient to establish the actual fraudulent intent element of the Trustee's fraudulent transfer claims as well as to trigger disgorgement of the compensation paid to Bhansali and Gandhi under New York's faithless servant doctrine.[1]

8. Based on the overlap between the parties, facts, evidence, and likely witnesses in the First Adversary Case and the Second Adversary Case, the Trustee, Gandhi, and Bhansali agreed to administratively consolidate them in the Bankruptcy Court for the purposes of discovery.

Dated: June 29, 2022
New York, New York

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Vincent E. Lazar
Vincent E. Lazar
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
vlazar@jenner.com

Carl N. Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
cwedoff@jenner.com

---

[1] Gandhi and Bhansali have not yet answered the Trustee's complaint in the Second Adversary Case. The Trustee expects them to dispute many of the complaint's allegations and their liability, but not that they received the compensation payments at issue, which is the principal factual element unique to the Second Adversary Case.